UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Earl Lionell Ward,              Case No. 21-cv-1515 (KMM/TNL)

    Petitioner,

v.              **REPORT AND RECOMMENDATION**

Tracy Beltz, Warden,

    Respondent.

---

This action comes before the Court on Petitioner Earl Lionell Ward's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1 ("Petition")]. For the following reasons, the Court recommends dismissing this action as duplicative.

This action's background is procedurally complex, stemming from Ward's conviction (in Minnesota state court) in *State v. Ward*, Case No. 62-cr-14-4920 (Minn. Dist. Ct.). Authorities charged Ward with ten felonies after a July 2014 car crash that severely injured his son and daughter. *See State v. Ward*, No. A15-0684, 2016 WL 7439082, at *1 (Minn. Ct. App. Dec. 27, 2016) (discussing crash); Register of Actions, *State v. Ward*, Case No. 62-cr-14-4920 (Minn. Dist. Ct.) (listing charges) ("*Ward* State-Court Docket").[1] As relevant here, the charges included two counts of criminally operating a vehicle, resulting

---

[1] The *Ward* State-Court Docket—and other public judicial records cited herein—are not present within this action's docket. The Court may nevertheless take judicial notice of such records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Garavito-Garcia v. United States*, Case No. 20-cv-1781 (JRT/KMM), 2021 WL 769495, at *1 n.1 (D. Minn. Feb. 1, 2021) (citing cases), *report and recommendation adopted*, 2021 WL 766856 (D. Minn. Feb. 26, 2021).

in great bodily injury. *See id.*; *cf.* Minn. Stat. § 609.21, subd. 1(7) (2013) (statute of conviction) (applying, as relevant here, where person "causes injury to . . . another as a result of operating a motor vehicle" and "the driver who causes the accident leaves the scene of the accident"). Ward pleaded guilty to these counts; in January 2015, the trial court sentenced him to two consecutive 60-month sentences. *See Ward*, 2016 WL 7439082, at *1–2.

Ward filed a direct appeal that was eventually combined with his appeal of the trial court's denial of a postconviction-review petition. *See id.* at *2 (discussing proceedings). The Minnesota Court of Appeals affirmed the conviction and sentence in December 2016; in March 2017, the Minnesota Supreme Court denied Ward's petition for further review. *See id.* at *1, *7.

Since March 2017, Ward has filed four petitions subject to 28 U.S.C. § 2254 in this District (including the present one); each challenged or challenges his conviction in Case No. 62-cr-14-4920.[2] Two are relevant here.[3]

The first is Ward's first § 2254 petition—in *Ward v. Roy*, Case No. 17-cv-4542 (WMW/LIB) ("*Ward I*")—filed in October 2017. [*See Ward I* ECF No. 1.] This petition raised one claim: that Ward received ineffective assistance of trial counsel as to his guilty

---

[2] Ward's petitions also usually note a second state-court action: Case No. 62-cr-14-3922. In that action, Ward pleaded guilty to violating a domestic-abuse no-contact order ("DANCO") on the night of the accident underpinning Case No. 62-cr-14-4920. *See, e.g.*, *Ward*, 2016 WL 7439082, at *2 & n.2; Register of Actions, *State v. Ward*, Case No. 62-cr-14-3922 (Minn. Dist. Ct.). As best as the Court can tell, none of the claims in Ward's various petitions concern the DANCO-violation conviction, so in what follows, the Court disregards that action.

[3] Ward filed his fourth petition on May 17, 2021; the resulting action was *Ward v. Beltz*, Case No. 21-cv-1232 (WMW/DTS) ("*Ward IV*"). On May 28, 2021, Magistrate Judge Schultz recommended dismissal of the *Ward IV* petition as duplicative, because it was "simply the same document" as the *Ward II* petition that commenced Case No. 21-cv-0930 (WMW/DTS). [*See Ward IV* ECF No. 7 at 3–4.] Ward did not object to this conclusion, and in June 2021, Judge Wright entered an order adopting the R&R and dismissing *Ward IV*. [*See Ward IV* ECF No. 12.]

2

plea. [*See id.* at 5.[4]] Magistrate Judge Leo I. Brisbois recommended denying the petition because "[Ward]'s sole claim . . . [was] procedurally defaulted." [*Ward I* ECF No. 11 at 8.] But he also suggested that "to the extent that the [*Ward I* petition] could be liberally construed to allege that ineffective assistance of *appellate* counsel establishes cause for the procedural default of [Ward's] claim of ineffective assistance of *trial* counsel, such a claim remains unexhausted in the Minnesota state courts and is not properly before this Court." [*Id.* at 9 (emphases in original).] Magistrate Judge Brisbois thus recommended dismissing the *Ward I* petition without prejudice so Ward could exhaust state-court remedies on that specific issue. [*See id.* at 11.] Judge Wilhelmina M. Wright adopted Magistrate Judge Brisbois's report and recommendation ("R&R")—and dismissed the *Ward I* petition without prejudice—in August 2018. [*Ward I* ECF No. 13 at 1.]

After pressing an ultimately unsuccessful second postconviction-review petition—filed in November 2018, finally resolved in March 2021 [*see Ward* State-Court Docket]—Ward filed a second § 2254 petition in April 2021. This action became *Ward v. Roy*, Case No. 21-cv-0930 (WMW/DTS) ("*Ward II*"). The *Ward II* petition raises four grounds, labelled as ineffective assistance of appellate counsel, judicial error, prosecutorial error, and ineffective assistance of trial counsel. [*See Ward II* ECF No. 1 at 5–10.] On May 3, 2021, Magistrate Judge David T. Schultz issued an R&R recommending *Ward II*'s dismissal without prejudice for lack of jurisdiction. [*See Ward II* ECF No. 12 at 4.] The key conclusion was that, because the *Ward I* and *Ward II* petitions challenged the same conviction,

---

[4] Citations to federal filings use the page numbers provided by the District's CM/ECF filing system.

3

the latter was ostensibly "second or successive," so barred by 28 U.S.C. § 2244(b). [*See id.* at 2–3.] Ward did not object to this R&R [*see Ward II* Docket]—indeed, as we shall soon see, he instead filed this action (and another [*see* note 3 *infra*]). In June 2021, Judge Wilhelmina M. Wright entered an order adopting the R&R and dismissing *Ward II*. [*See Ward II* ECF No. 14.]

Last October, however, Judge Wright entered an order in *Ward II* noting that "[w]hen a federal court dismisses a [§] 2254 petition in order to allow the petitioner to exhaust state remedies"—as happened in *Ward I*—"a later petition filed in federal court raising the same claims as raised in the first petition is not deemed 'second or successive' for the purposes of 28 U.S.C. § 2244(b)." [*Ward II* ECF No. 16 at 3–4 (citing *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)).] She therefore ordered the *Ward II* respondent to submit a filing "addressing whether the Court should reopen [*Ward II*] pursuant to Federal Rules of Civil Procedure 60(b)(1) [and/or 60(b)(6)]." [*Id.* at 4.] After briefing, Judge Wright entered an order on August 31, 2022, declining to reopen *Ward II*. [*See Ward II* ECF No. 23 at 7–8.] As of this Report and Recommendation's date, Ward has not filed a notice of appeal in *Ward II* [*see Ward II* Docket], but his deadline to do so has not yet passed. *See* Fed. R. App. P. 4(a)(1).

With this background in place, the Court turns to this action. The Court received Ward's pending petition on June 28, 2021—after Magistrate Judge Schultz entered his *Ward II* R&R, and two days before Judge Wright entered her order adopting that R&R. [*See* Pet. 1; *Ward II* Docket.] Like the *Ward I* and *Ward II* petitions, the present Petition challenges Ward's conviction in Case No. 62-CR-14-4920 (Minn. Dist. Ct.). [*See* Pet. 1.]

4

The Petition raises one ground: ineffective assistance of appellate counsel. [*See id.* at 5.] Ward claims that his appellate counsel "refused to raise any Due Process Clause violations under the 14th Amendment" in his appeal; he also claims that his appellate counsel failed to raise issues concerning "ineffective assistance of trial counsel," "Judicial Misconduct," and "Prosecutorial error." [*Id.*] Critically, the wording here largely matches Ward's wording in Ground One of the *Ward II* Petition. [*Compare id.* with *Ward II* ECF No. 1 at 5.]

So the present Petition's substance plainly overlaps with that of the *Ward II* petition, itself recently resolved by another Court in this District and the potential subject of an appeal by Ward. This raises the issue of how to handle duplicative litigation.

The U.S. Supreme Court has noted a "general principle" of "avoid[ing] duplicative litigation" in federal courts. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citing cases); *see also, e.g.*, *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 932 (8th Cir. 2011) (citing *Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988)). The Eighth Circuit has echoed this principle, noting the need to prevent "unnecessary expenditure of scarce federal judicial resources" and prevent related "jurisprudential concerns." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001); *see also, e.g.*, *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, Case No. 19-cv-1653 (PJS/DTS), 2020 WL 13002517, at *6 (D. Minn. Aug. 20, 2020) (citing authorities, including *Nixon*).

Here, it makes little sense to proceed with Ward's Petition here—the very claim at issue here is part of the *Ward II* Petition that Ward may yet appeal. District courts in the Eighth Circuit have dismissed duplicative habeas petitions, and this Court sees no reason

5

not to recommend the same outcome here. *See, e.g.*, *Cush-El v. Burris*, Case No. 4:21-cv-768 (SEP), 2022 WL 136744, at *5 (E.D. Mo. Jan. 14, 2022); *Ashley v. Payne*, Case No. 4:20-cv-0203 (SWW/JTR), 2020 WL 2831766, at *4 (E.D. Ark. May 19, 2020), *report and recommendation adopted*, 2020 WL 2772567 (E.D. Ark. May 28, 2020), *certificate of appealability denied*, No. 20-2210, 2020 WL 7351962 (8th Cir. July 10, 2020); *Cannon v. Payne*, Case No. 4:20-cv-730 (SEP), 2020 WL 8768074, at *2 (E.D. Mo. Aug. 24, 2020); *cf. Opiacha v. Comm'r of Dep't of Hum. Servs.*, Case No. 22-cv-1013 (PJS/DTS), 2022 WL 1785951, at *2 (D. Minn. Apr. 28, 2022) ("There is no good reason for duplicative habeas actions attacking the same detention to be litigated . . . simultaneously."), *report and recommendation adopted*, 2022 WL 1785227 (D. Minn. June 1, 2022).

One issue remains: whether to issue Ward a certificate of appealability ("COA"). Under 28 U.S.C. § 2253(c)(1)(B), "[u]nless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." Under § 2253(c)(2), "[a] [COA] may issue under [§ 2253(c)(1)] only if the applicant has made a substantial showing of the denial of a constitutional right." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

6

In this case, this Court concludes, no reasonable jurist would disagree with this Court's recommendation (i.e., to dismiss this action as duplicative). The Court therefore recommends not granting Ward a COA.

**RECOMMENDATION**

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** as duplicative.

2. No certificate of appealability issue.


Dated: September    8   , 2022              *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota


                                            *Ward v. Beltz*
                                            Case No. 21-cv-1515 (KMM/TNL)


NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).